## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lehigh Gas Wholesale LLC,<br>Lehigh Gas Wholesale Services, Inc. and<br>LGP Realty Holdings LP,<br>                    Plaintiffs,<br><br>        v.<br><br>Breaktime Corner Market LLC,<br>Breaktime Corner Market Kansas, LLC,<br>Corner Market 50 LLC, Corner Market 51 LLC,<br>Corner Market 52 LLC, Corner Market 53 LLC,<br>Corner Market 54 LLC, Corner Market 55 LLC,<br>Corner Market 56 LLC, Corner Market 57 LLC,<br>Corner Market 58 LLC, Corner Market 59 LLC,<br>Corner Market 60 LLC, Corner Market 61 LLC,<br>Corner Market 62 LLC, Corner Market 63 LLC,<br>Corner Market 64 LLC, Corner Market 65 LLC,<br>Corner Market 66 LLC, Corner Market 67 LLC,<br>Corner Market 68 LLC, Corner Market 69 LLC,<br>Corner Market 70 LLC, Corner Market 78, LLC,<br>Corner Market 79, LLC, Corner Market 81, LLC,<br>Corner Market 82, LLC, Corner Market 83, LLC,<br>Corner Market 85, LLC, Corner Market 86, LLC,<br>Cleveland Ventures LLC,<br>Aldine Westfield Investments LLC,<br>43 Ventures LLC, Deer Park Ventures LLC,<br>Channelview Ventures LLC, and Omair Bashir,<br>                    Defendants. | Civil Action No. |

## COMPLAINT

Plaintiffs Lehigh Gas Wholesale LLC ("Lehigh Gas"), Lehigh Gas Wholesale Services, Inc. and LGP Realty Holdings LP (together with Lehigh Gas, "Lehigh"), by and through their undersigned counsel, file this complaint for declaratory relief and damages against the "Breaktime Station Defendants"—a group of entities managed by Defendant Breaktime Corner Market LLC (together  with the Breaktime Station Defendants, "Breaktime") that currently operates 69 gas stations (the "Stations") through a franchise relationship with Lehigh—and defendant  Omair

Bashir ("Bashir"), the managing member of Breaktime and the guarantor of the Breaktime Station Defendants' obligations to Lehigh.

In support thereof, Lehigh alleges as follows:

## **INTRODUCTION**

1.      Lehigh and Breaktime are in a franchise relationship governed by the Petroleum Marketing Practices Act ("PMPA") that currently encompasses the 69 Stations.  For each of the Breaktime Stations, the term of the relationship either has expired or will expire on June 9, 2023. Informed by its relationship with Breaktime and consistent with business factors supporting the long-term viability and profitability of the Stations, Lehigh provided Breaktime with proposed renewal terms that Breaktime rejected.  Notwithstanding, Lehigh continued its good faith effort to reach agreement (including by sending its senior leadership to meet with Bashir in Houston); however, the parties were unable to reach agreement on terms to renew the franchise relationship and so Lehigh delivered a notice of non-renewal.  Thereafter, consistent with its desire to cherry-pick locations from the portfolio, Breaktime purported to renew the franchise relationship for 38 more desirable locations (the "Cherry-Picked Stations") while voluntarily—and abruptly—abandoning the franchise relationship at 31 other locations (the "Abandoned Stations") effective April 1, 2023.  Breaktime's true intentions revealed, Lehigh delivered another notice of non-renewal incorporating Breaktime's attempted cherry-picking as yet another basis for non-renewal. Lehigh brings this action for a declaration that non-renewal of the Breaktime franchise relationship comports with the PMPA and that Breaktime must surrender all of the Stations by the June 9, 2023 termination date, and for damages associated with the Breaktime Station Defendants' and Bashir's breach of contract.

## PARTIES

2.      Plaintiff Lehigh Gas is a Delaware limited liability company with its principal place of business at 645 Hamilton Street, Suite 400, Allentown, Pennsylvania 18101.

3.      Plaintiff Lehigh Gas Wholesale Services, Inc. is a Delaware corporation with its principal place of business at 645 Hamilton Street, Suite 400, Allentown, PA 18101.

4.      Plaintiff LGP Realty Holdings LP is a Delaware limited liability partnership with its principal place of business at 645 Hamilton Street, Suite 400, Allentown, PA 18101.

5.      Defendant Breaktime Corner Market LLC is a Delaware limited liability company with its principal place of business at 6300 Richmond Avenue, Suite 300, Houston, Texas 77057.

6.      Defendants Breaktime Corner Market Kansas, LLC, Corner Market 50 LLC, Corner Market 51 LLC, Corner Market 52 LLC, Corner Market 53 LLC, Corner Market 54 LLC, Corner Market 55 LLC, Corner Market 56 LLC, Corner Market 57 LLC, Corner Market 58 LLC, Corner Market 59 LLC, Corner Market 60 LLC, Corner Market 61 LLC, Corner Market 62 LLC, Corner Market 63 LLC, Corner Market 64 LLC, Corner Market 65 LLC, Corner Market 66 LLC, Corner Market 67 LLC, Corner Market 68 LLC, Corner Market 69 LLC, Corner Market 70 LLC, Corner Market 78, LLC, Corner Market 79, LLC, Corner Market 81, LLC, Corner Market 82, LLC, Corner Market 83, LLC, Corner Market 85, LLC, Corner Market 86, LLC, Cleveland Ventures LLC, Aldine Westfield Investments LLC, 43 Ventures LLC, Deer Park Ventures LLC, and Channelview Ventures LLC (collectively, the "Breaktime Station Defendants") share a principal place of business at 6300 Richmond Avenue, Suite 300, Houston, Texas 77057 (at Breaktime's principal place of business); the Breaktime Station Defendants are incorporated either in Colorado, Texas, Kansas, Missouri or New Mexico.

7.      Defendant Bashir is a citizen of Texas.

## JURISDICTION AND VENUE

8.      This action concerns non-renewal and/or termination of a franchise relationship governed by the PMPA, 15 U.S.C. §2801 et seq.; Section 2805(a) of the PMPA confers subject matter jurisdiction over Lehigh's claim for declaratory relief and thus this Court has federal question jurisdiction under 28 U.S.C. §1331.

9.      This Court has supplemental jurisdiction over Lehigh Gas's claim for damages under 28 U.S.C. §1367 because such claim forms part of the same controversy as Lehigh's claim for declaratory relief under the PMPA.

10.     Venue is proper here pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District where Lehigh is located.

## FACTUAL BACKGROUND

### Lehigh and Breaktime have a PMPA Franchise Relationship

11.     In 2018 and 2019, Breaktime sought to become the franchise dealer for the Stations, which, at the time, were owned and operated by Lehigh's predecessor-in-interest Circle K Stores, Inc. ("Circle K").

12.     Breaktime submitted three business plans—one for the Texas Stations, one for the Missouri Stations and one for the Kansas Stations; among other things, Breaktime's proposals outlined Breaktime's commitment to invest in the Stations by making capital improvements, including by upgrading the credit card point-of-sale equipment.

13.     Circle K accepted Breaktime's proposals and executed agreements to memorialize the franchise relationship; the parties' financial relationship was predicated on Breaktime's capital commitments, among other things.

14.     Among other contracts, there is a fuel supply agreement and lease for each of the

Stations comprising the franchise relationship under the PMPA; a true and correct copy of the Contract of Sale (Branded-Lessee) (the "Fuel Supply Agreement") for Defendant Corner Market 60 LLC is attached as "Exhibit A" and is a representative example of the Fuel Supply Agreement for each of the Stations.

15.     The Fuel Supply Agreements, leases and other contracts are subject to a Security and Cross Default Agreement, as amended, through which Circle K and Breaktime expressed an intention to treat all of the agreements comprising the franchise relationship as "a unitary agreement in all respects."  <u>See</u> Security and Cross Default Agreement and amendments (the "Security and Cross Default Agreement"), true and correct copies of which are attached as "Exhibit B."

16.     Following an assignment from Circle K, Lehigh became the owner of the Stations, succeeding to Circle K's role as fuel supplier to and landlord for each of the Breaktime Stations.

17.     Bashir is the principal and managing member of Breaktime; Breaktime is the managing member of each of the Breaktime Station Defendants.

18.     On behalf of Breaktime, Bashir signed every Fuel Supply Agreement and every lease forming the franchise relationship with Lehigh; Bashir also signed the Security and Cross Default Agreement and related amendments.

19.     All of the agreements designate Bashir as the point of contact for Breaktime, and Bashir has served as the point of contact for the franchise relationship throughout.

20.     Bashir executed a personal guaranty of each of the Breaktime Station Defendants' obligations to Lehigh.  A true and correct copy of the Personal Guaranty of Performance (the "Guaranty") associated with Defendant Corner Market 60 LLC is attached as "Exhibit C" and is a representative example of the Guaranty for each of the Stations (collectively, the "Guaranties").

**After Breaktime Rejected Lehigh's Proposal to Renew the Relationship, Lehigh Terminated the Franchise in accordance with the PMPA**

21.     By October 2022, many of the agreements between the parties had expired—converting to a month-to-month extension period—and the remainder were scheduled to expire in the first five months of 2023.

22.     On October 3, 2022, Lehigh sent Breaktime a letter outlining Lehigh's proposal to renew the franchise relationship for a five-year term with one five-year renewal option (the "Proposal").  A true and correct copy of the Proposal is attached as "Exhibit D."

23.     Lehigh's Proposal included proposed fuel pricing, volume minimums and rent for each of the Breaktime Stations; where Lehigh proposed increases, the changes were driven by market conditions and/or recoupment of Lehigh's capital improvements to the Stations.

24.     In view of Breaktime's failure to upgrade certain credit card point-of-sale equipment as promised to conform to a new industry standard—known as the Europay, Mastercard and Visa ("EMV") standard and commonly referred to as "chip card" technology—a breach of Section 8(f) of the Fuel Supply Agreements, Lehigh proposed an 18-month graduated compliance period followed by a financial penalty for any Stations remaining non-compliant with the EMV standard.

25.     Because of Breaktime's delays in complying with brand imaging and technology requirements, Lehigh proposed that it could make those investments at Breaktime's expense if Breaktime ignored certain prescribed time limits.

26.     And, consistent with the existing Security and Cross Default Agreement, the parties' course of dealing and Lehigh's move to establish unitary relationships with its multi-location business partners, Lehigh sought a unitary fuel supply agreement and lease across all the Breaktime Stations with cross-default and cross-collateralization provisions and a single letter of

credit (although the total security proposed did not change relative to the existing franchise relationship).

27.     Each of the proposed changes and additions were the result of determinations made by Lehigh in good faith and in the normal course of its business.

28.     Lehigh indicated that the Proposal would remain open for 90 days—i.e., until January 2, 2023.

29.     More than one month went by without any response from Breaktime or Bashir.

30.     Later, the parties discussed Lehigh's Proposal over the phone and in person—both in Allentown at Lehigh's headquarters and in Houston during a visit by Lehigh's senior leadership to Breaktime's headquarters.

31.     Despite these good faith efforts, the parties were unable to agree upon terms to renew the franchise relationship.

32.     Among other areas of disagreement, Breaktime resisted the unitary nature of Lehigh's Proposal; contrary to the genesis of the relationship, the existing Security and Cross Default Agreement and Lehigh's longstanding strategy to package more desirable locations with other locations to create a desirable portfolio, Breaktime sought to renew the relationship only for the more desirable locations while abandoning the others.

33.     If adopted, Breaktime's approach would impair the continued viability of the Abandoned Stations, placing Lehigh's investment in those locations—and its investment in the overall portfolio of Stations—at risk.

34.     On February 6, 2023, Lehigh delivered a notice of non-renewal to Breaktime, citing, among other authority, Section 2802(b)(3)(A) of the PMPA as supporting its decision to non-renew the franchise relationship.

- 7 -

35.     Thereafter, Breaktime and Bashir disputed Lehigh's authority to terminate the franchise relationship, and—in a letter dated March 1, 2023 but not delivered until March 10, 2023—Breaktime purported to renew the franchise relationship but only for the Cherry-Picked Stations.  See Breaktime's "March 1, 2023" correspondence to Lehigh, a true and correct copy of which is attached as "Exhibit E."

36.     At that same time, Breaktime abruptly gave notice that it would "not continue the franchise relationship" at the Abandoned Stations as of April 1, 2023—creating a rushed transition that will undoubtedly impact the Abandoned Stations financially.

37.     Breaktime having documented its intention to cherry-pick desirable locations and abandon others, later that same day (March 10, 2023), Lehigh delivered a second Notice of Non-Renewal to Breaktime (the "Notice of Non-Renewal"), enclosing the earlier notice, adding Breaktime's cherry-picking to the list of non-renewal reasons and once again citing Section 2802(b)(3)(A) of the PMPA as supporting its decision to non-renew the franchise relationship.  A true and correct copy of the Notice of Non-Renewal is attached as "Exhibit F."

38.     To facilitate an orderly transition, Lehigh's Notice of Non-Renewal identified June 9, 2023 as the termination date on which Breaktime would be required to surrender the Stations to Lehigh; by that date, the term of all of the agreements comprising the franchise relationship will have expired.

39.     To resolve this dispute, Lehigh brings this action seeking a declaration that its non-renewal of the franchise relationship comports with the PMPA and that Breaktime must surrender all of the Stations by the June 9, 2023 termination date (to the extent not already abandoned in accordance with Breaktime's notice concerning the Abandoned Stations).

40.     Because Lehigh incurred expenses to upgrade certain Stations to the EMV Standard

(which Lehigh has the right to recoup under Section 8(f) of the Fuel Supply Agreements), Lehigh also seeks monetary damages for breach of contract.

## COUNT I – DECLARATORY JUDGMENT
Lehigh v. Breaktime

41.     Lehigh incorporates by reference the preceding paragraphs of its Complaint.

42.     An actual controversy has arisen and now exists between Lehigh and Breaktime concerning Lehigh's non-renewal of the franchise relationship under the PMPA.

43.     Lehigh contends that its Notice of Non-Renewal complies with the PMPA— providing lawful justification to non-renew the franchise relationship on account of Breaktime's failure to agree to good faith and normal course changes to the franchise relationship—and that Breaktime must surrender all of the Stations by the June 9, 2023 termination date (to the extent not already abandoned in accordance with Breaktime's notice concerning the Abandoned Stations).

44.     Breaktime has disputed Lehigh's contention, seeking to renew the franchise relationship but only for the Cherry-Picked Stations.

45.     The Court has authority to resolve this dispute and to declare the parties' rights and obligations both under Rule 57 of the Federal Rules of Civil Procedure and under Section 2805 of the PMPA.

46.     In view of the approaching June 9, 2023 termination date, Lehigh respectfully requests a speedy hearing of this declaratory action consistent with Rule 57 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Lehigh respectfully requests entry of a judgment in its favor and against Breaktime declaring that:

a)     Lehigh had valid grounds to non-renew the franchise relationship with Breaktime

under Section 2802(b)(3)(A) of the PMPA on account of the parties' failure to agree to good faith and normal course changes or additions to the provisions of the franchise;

b)       Lehigh's Notice of Non-Renewal complies with Section 2804(c) of the PMPA; and

c)       the franchise relationship between Lehigh and Breaktime shall terminate on June 9, 2023 and Breaktime shall surrender all of the Stations by the June 9, 2023 termination date (to the extent not already abandoned in accordance with Breaktime's notice concerning the Abandoned Stations).

Further, as the prevailing party in this action and consistent with Section 38(b) of the Fuel Supply Agreements, Lehigh respectfully requests an award of its attorneys' fees, costs of suit and reasonable expenses as well as any other relief that the Court deems just and proper.

### COUNT II – BREACH OF FUEL SUPPLY AGREEMENT
Lehigh Gas v. Breaktime

47.       Lehigh incorporates by reference the preceding paragraphs of its Complaint.

48.       The Fuel Supply Agreements and the Security and Cross Default Agreement are valid and enforceable contracts between Lehigh Gas and Breaktime.

49.       Section 8(f) of the Fuel Supply Agreements requires the Breaktime Station Defendants to maintain the Stations in conformance with credit card point-of-sale technology requirements and allows Lehigh Gas to upgrade such technology at the Breaktime Station Defendants' expense if they fail to do so.

50.       Under Section II of the Security and Cross Default Agreement, a breach by one of the Breaktime Station Defendants is a breach by Breaktime and all the Breaktime Station Defendants.

51.       Lehigh Gas provided Breaktime with notice and an opportunity to upgrade the Stations to conform to the EMV standard and Breaktime and Breaktime Station Defendants failed

to do so in breach of their obligations under the Fuel Supply Agreements.

52.     Lehigh Gas upgraded certain of the Stations' technology at a cost in excess of $1.8 million and the Breaktime Station Defendants have failed to pay for these upgrades despite Lehigh's demands.

53.     Lehigh Gas will incur additional expenses to bring the Stations to EMV compliance—capital improvements that Breaktime promised to fulfill to secure the franchise relationship in the Fuel Supply Agreement.

54.     Lehigh Gas has suffered harm because of the Breaktime Station Defendants' breach of the Fuel Supply Agreement and Breaktime's breach of the Security and Cross Default Agreement.

**WHEREFORE**, Lehigh Gas demands judgment in its favor and against Breaktime in an amount in excess of $1.8 million together with pre- and post-judgment interest, its attorneys' fees and costs, as well as any other relief that the Court deems just and proper.

### COUNT III – BREACH OF GUARANTIES
Lehigh Gas v. Bashir

55.     Lehigh incorporates by reference the preceding paragraphs of its Complaint.

56.     The Guaranties are valid and enforceable contracts between Lehigh Gas and Bashir.

57.     Under the Guaranties, Bashir guaranteed all amounts payable under the Fuel Supply Agreements by the Breaktime Station Defendants.

58.     Bashir has breached the Guaranties by failing to pay amounts owed by the Breaktime Station Defendants under the Fuel Supply Agreements.

59.     Lehigh has suffered harm because of Bashir's failure to pay.

**WHEREFORE**, Lehigh Gas demands judgment in its favor and against the Breaktime Station Defendants in an amount in excess of $1.8 million together with pre- and post-judgment

interest, its attorneys' fees and costs, as well as any other relief that the Court deems just and proper.

Dated: March 10, 2023                                   FOX ROTHSCHILD LLP


Peter C. Buckley, Esquire
Shannon M. Doughty, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel:   215.299.2854
Fax:   215.299.2150
PBuckley@FoxRothschild.com
SDoughty@FoxRothschild.com

Attorneys for Plaintiffs
Lehigh Gas Wholesale LLC,
Lehigh Gas Wholesale Services, Inc., and
LGP Realty Holdings LP